### EPERJESI v JACOBS

Ohio Appeals, 7th Dist, Mahoning Co
Decided Oct. 4, 1929

Carlyle, George & Carlyle, Youngstown for Eperjesi.

Kennedy, Manchester, Conroy & Ford, Youngstown, for Jacobs.

FARR, J.

First it is contended that the trial court erred in refusing permission to plaintiff below to dismiss his action without prejudice after the trial court had announced its intention to withdraw the case from the consideration of the jury. The motion to withdraw the cause from the jury was made and argued and thereupon counsel for plaintiff below requested that he be permitted to dismiss his action without prejudice, and at the conclusion of plaintiff's evidence the court said:

"But after the court had announced this case must be taken from the jury."

Permission to dismiss the cause was denied, and counsel for plaintiff then made a request to amend his pleading in some four different particulars. This was refused, and counsel then requested that the record show that his application to dismiss was made prior to the ruling upon the motion to withdraw the case from the consideration of the jury. The trial court refused to allow the Record to so show.

To sustain the view of plaintiff in error, attention was called to two cases in Ohio, as set out in the brief of plaintiff in error. However, there is a recent announcement by the Supreme Court upon this particular subject, and it is found in the case of **Baking Company v. Middleton, and Guarantee Corporation, Ltd. v. Middleton, 118 Oh St 108,** and the first proposition of the syllabus reads as follows:

"Where, after the parties have introduced their evidence and rested, a defendant moves the court for a directed verdict in his favor, the submission of such motion is a submission to the court within the purview of **11586 GC.** After such submission and subsequent announcement of its conclusion favorable to the defendant, the plaintiff cannot have his cause dismissed without prejudice over the objection of the defendant."

And of course the above is controlling in the instant case, and in passing upon the issues in the case just cited it was observed:

"I am inclined to the opinion that form the facts in this case as they were adduced upon this witness stand that the advice of Sweigert must be held to be a complete defense under the circumstances."

And there are some other observations that are pertinent here. However, it is sufficient to say that the principle now controlling in Ohio is that after the trial court has announced its conclusion to direct

a verdict, that it is then too late for the plaintiff to have his cause dismissed without prejudice. There was, therefore, no error upon the part of the trial court in refusing plaintiff's motion below.

Next, it is insisted that the trial court was in error in directing a verdict for the defendants. It will not be profitable or necessary here to rehearse in detail all of the testimony in this case. It is shown that the Ford car was struck by the Oakland car about the middle of the intersection; that the Oakland then ran up upon the sidewalk and struck Eperjesi, turned and went back and struck the Ford again, so that it is quite clear from the Record in this case that the trial court was right in its conclusion that there was no testimony disclosed upon the part of the plaintiff below tending to show negligence on the part of Jacobs. For the reason given the judgment of the court below is affirmed.

Pollock and Roberts, JJ, concur.